**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 0 9 2017

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

**SCOTT ALLEN BURRIS, as Personal Administrator of the
ESTATE OF JERRY BONNER BURRIS**                                    **PLAINTIFF**

**VS.**                              **CASE NO.** 4:17cv737-JM

**THE UNITED STATES OF AMERICA; JOHN DOE
DEFENDANTS 1-5;**                                            **DEFENDANTS**

**COMPLAINT**

Comes now the Plaintiff, Scott Allen Burris, as Personal Administrator of the Estate of Jerry

Bonner Burris, and for his Complaint against the United States, states:

**I. PARTIES, JURISDICTIONAL PREREQUISITES AND VENUE**

1.      Plaintiff, Scott Allen Burris, is the son of Jerry Bonner Burris and a resident and

citizen of White County, Arkansas.  Plaintiff was appointed personal representative of the Estate of

Jerry Bonner Burris, deceased, through the Probate Court of Pulaski County, Arkansas (case styled

*In the Matter of the Estate of Jerry Bonner Burris, Deceased, Pulaski County, Probate Division,*

Case No. 60 PR-17-673) on the 10th day of April, 2017. The Order Approving Appointment of

Special Administrator is attached hereto as Exhibit 1.  As Special Administrator of the Estate of

Jerry Bonner Burris, deceased, Scott Burris is the proper person to bring this action.

2.      The deceased, Jerry Bonner Burris, (hereinafter "Mr. Burris") was a resident and

citizen of Pulaski County, Arkansas and died on December 3, 2015.  Mr. Burris died at Central

Arkansas Veterans Healthcare System in Little Rock, AR, as a result of injuries sustained in Pulaski

County, Arkansas while a patient at the John L. McClellan Memorial Veterans Hospital in Little

Rock, Arkansas.

This case assigned to District Judge_____
and to Magistrate Judge_____

3.      The Defendant, the United States, is a proper party to this action as it is responsible for the negligence of the Arkansas Veterans Healthcare System, a United States agency.  For purposes of this Complaint, the Defendant includes the United States, its officers, agents, servants, employees and/or representatives. Whenever in this Complaint it is alleged that the Defendant did any act or thing, it is meant that the United States, its officers, agents, servants, employees and/or representatives did such act or thing, and that at the time such act or thing was done, it was done with the full authorization and ratification of the United States and was done in the normal and routine course and scope of employment of the United States' officers, agents, servants, employees and/or representatives.  Whenever in this Complaint it is alleged that the Defendant omitted any act or thing, it is meant that Defendant, the United States, its officers, agents, servants, employees and/or representatives omitted such act or thing.

4.      John Doe Defendants 1-5 are physicians, nurses, and other healthcare providers, charged with caring for and treating Jerry Bonner Burris during the relevant time period, but who were not employees of Defendant.  John Doe Defendants 1-5 are also any such persons' insurers, agents or employers. The identity of all such individuals and entities is unknown at this time. Pursuant to Ark. Code Ann. § 16-56-125 and the Affidavit attached hereto as Exhibit 2, when the identity of these individuals or entities is discovered, this pleading will be appropriately amended.

5.      This Court has exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1346(b)(1) as this is an action to recover for personal injury and death caused by the negligent acts and omissions of United States Government employees and/or agents while acting within the scope of their employment and/or agency, under circumstances where the United States,

2

if a private person, would be liable to Plaintiff in accordance with the law of the place where the acts and omissions occurred.

6.      Because this is an action under 28 U.S.C. § 1346(b), this action may be prosecuted "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). The act and omissions occurred within this judicial district and venue properly lies herein.

7.      This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§ 2671-2680, commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated specifically on Title 28 U.S.C. §§ 1346(b)(1) and 2674 because the medical malpractice, personal injuries, and resulting damages of which complaint were made were proximately caused by the negligence, wrongful acts and/or omissions of employees of the Veterans Administration ("VA") Medical Center in Little Rock, Arkansas, while acting within the scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual under the laws of the State of Arkansas.

8.      Plaintiff brings this action pursuant to Title 28 U.S.C. §2672 and §2675(a), and states that the claims set forth herein were filed with and presented administratively to the Defendant's agency.   Plaintiff presented this claim to the appropriate Federal agency, the United States Department of Veterans Affairs, pursuant to 28 U.S.C. § 2675.  Plaintiff submitted a Standard Form 95.  This formal claim was received by the VA on April 24, 2017.  See Exhibit 3, Standard Claim Form 95, with certified mail receipt.

9.     On April 27, 2017, Gayle B. Sipes, Staff Attorney for the U.S. Department of Veterans Affairs, Office of Chief Counsel, confirmed that the claim was received at the Office of Chief Counsel, Continental District East (North Little Rock) and was being processed. See Exhibit 4. Attorney Sipes also stated: "I have the 180th day as October 23, 2017." Also, on April 27, 2017, Legal Assistant LaRhonda G. Francis confirmed that the VA had received Plaintiff's Standard Form (SF) 95, Claim for Damage, Injury, or Death, on April 24, 2017. See Exhibit 5. Thereafter, on August 7, 2017 and August 22, 2017, Plaintiff provided the VA with all the information the VA had been requested in connection with the claim.

10.     The VA failed to respond within six months (180 days). No substantive response has been received from the VA to date. Because the Federal agency has failed to make a final disposition of this claim within six months, it is deemed a final denial. Thus, Plaintiff's federal tort claim has been deemed denied pursuant to 28 U.S.C. § 2675, and Plaintiff may now properly file this FTCA claim in this Court.

## II. GENERAL ALLEGATIONS

11.     The Department of Veterans Affairs is an agency of the United State of America.

12.     Defendant, United States of America, through its agency, the Department of Veterans Affairs, at all times material hereto, owned, operated and controlled the Veterans Administration Hospital in Little Rock, Arkansas, through its agency, the Department of Veterans Affairs, staffed said facility with agents, servants, and/or employees.

13.     At all times herein, all persons involved in the medical and health care services provided to Jerry Bonner Burris at the Little Rock VA Hospital, and by and through HBPC, were agents, servants and employees of the Department of Veterans Affairs, the United States of America

4

or some other agency thereof and were at all times material hereto, acting within the course and scope of such employment.

14.     This is a Federal Tort Claims Action for monetary damages sustained by Plaintiff's decedent as the result of Defendant's substandard, and therefore, negligent medical care.

15      Mr. Burris was a 71 year old veteran treated at the Veteran's Administration Hospital in Little Rock, Arkansas. The chief complaint related to his 2015 admission was carcinoma in the right lower lobe. On November 12, 2015, Mr. Burris underwent a RLL Lobectomy. The tumor was located and removed. During the same surgery, a thoracic lymphadenectomy was also performed. Medical records indicate that Mr. Burris tolerated the procedures well, and he was given a good prognosis for a full recovery.

16.     Following surgery on the 12th, Mr. Burris was successfully weaned from the ventilator, breathing on his own, and recovering well. Mr. Burris and his family received training regarding home health care and were told to prepare for discharge. His throat and neck, however, remained very swollen and he had impaired and very limited ability to swallow.

17.     Upon transfer from post anesthesia recovery, Mr. Burris was noted to have "swallowing problems in the mouth or throat." Nevertheless, the dysphagia risk assessment after discharge from PACU to the floor was not performed. The dysphagia risk assessment protocol in place at the VA on this date specifically included assessments of "difficulty or pain in the mouth or throat when swallowing" and "recent throat surgery." Even though both of these factors were clearly present, the dysphagia risk assessment was left blank, and there was no further assessment, orders, policies or safeguards implemented with respect to Mr. Burris' risk of choking.

18.     Choking following a lymphadenectomy is a known complication which, more likely

5

than not, relates to injuries sustained during the procedure resulting from improper technique or trauma outside of the accepted surgical field. Accordingly, proper assessment and follow-up diagnostic studies, scopes and/or interventions are required for patients who experience swallowing difficulties following this surgery. The well known and most likely result of failure to do so is aspiration, most often leading to severe injury or death. Despite this fact, the appropriate assessments, orders, protocols, studies and procedures to assess, diagnose and/or treat dysphagia and choking safeguards were not implemented or followed.

19.     On November 14, 2015, less then 48 hours post surgery, the hospital inappropriately served Mr. Burris solid food (hamburger). Due to inadequate monitoring, while eating the food provided by the hospital, Mr. Burris choked and aspirated. As a direct result of the aspiration, Mr. Burris' condition quickly and steadily worsened. His fever spiked, he became hypoxic, he had to be re-intubated, and he developed ARDS, acute respiratory failure and pneumothorax. He eventually lost a pulse on November 23, 2015 and had to be resuscitated. Despite numerous additional medical interventions, Mr. Burris died December 3, 2015 as a direct result of the choking/aspiration episode.

20.     The doctors, nurses, and hospital administration and staff breached their respective duties of care by failing to possess and apply with reasonable care the degree of skill and learning ordinarily possessed and used by members of their profession engaged in the same type of service or specialty at the VA in Little Rock, Arkansas or a similar locality by:

(1)     failing to properly assess and diagnose Mr. Burris' medical condition;

(2)     failing to identify the dysphagia/choking hazard which was present after the surgery on the 12th;

(3)     failing to issue appropriate orders, implement those orders and follow standing orders and hospital protocols and procedure regarding nutrition, risk assessment and the

elimination of choking hazards from dietary plans for patients such as Mr. Burris who were at risk;

(4)     failing to properly assess, monitor, diagnose and treat Mr. Burris for his known conditions and foreseeable complications; and

(5)     allowing a failure and breach in the continuity of care with respect to Mr. Burris in communication between the physicians, nurses, medical staff and non-medical personnel, including dietary personnel. The hospital/VA is vicariously liable for the actions and failures of its agents and employees.

21.     With respect to the hospital/VA, it is independently liable for  the failure to use ordinary care to determine the condition of Mr. Burris and furnish the care and attention reasonably required by his condition.  These breaches resulted in the failure to assess, diagnose, treat and implement a proper plan of care even though Mr. Burris was at a known risk of choking/aspiration following his surgery.

22.     The above described breaches of the standard of care were the proximate cause of Mr. Burris' injuries and death.

### III. COUNT I: MEDICAL NEGLIGENCE

23.     Paragraphs 1-22 are incorporated herein by reference as if set forth word for word.

24.     The Defendant, directly and through its employee/medical care providers, was negligent, and the care and treatment provided to the decedent fell below the standard of care applicable to it during the time frame referenced throughout this Complaint in caring for and treating James Burris as follows:

25.     The above-listed actions and inactions of the VA and its employees/medical care providers fell below the standard of care applicable to it in this community or a similar community, which constitutes negligence.

7

26.     As a direct and proximate result of the Defendant's negligence, the Plaintiff suffered the damages more fully set forth herein.

## IV. DAMAGES

27.     Paragraphs 1-26 are incorporated herein by reference as if set forth word for word.

28.     As a direct result of the negligence of the Defendant and its employees, Mr. Burris choked, aspirated and ultimately died. Mr. Burris suffered a gradual deterioration in his physical condition from November 14, 2015 until his ultimate death on December 3, 2015. Mr. Burris suffered severe pain, suffering, and mental anguish associated with the decline in this condition and the failure of the Defendant to notify him or his family of the reason for this decline.

29.     As a direct and proximate result of the negligence of Defendant and its employees, Mr. Burris suffered severe pain, suffering, and mental anguish associated with the decline in this condition and ultimate death.

30.     Likewise, Scott Burris has experienced the unimaginable mental anguish of helplessly witnessing his father's struggles and pain on a daily basis only to lose his loved one as a result of the negligence described herein.

31.     At the time of his death, Mr. Burris was 71  years of age.

32.     The surviving beneficiary of the Estate of Jerry Bonner Burris are:

| NAME | RELATION |
|------|----------|
| Scott Burris | Son |

33.     Defendant is liable for the mental anguish and loss of companionship suffered by Scott Burris and to be suffered in the future.   Defendant is liable as well for the pain and suffering experienced by Jerry Burris prior to his death.   Mr. Burris himself endured several weeks of

excruciating, agonizing pain before dying as a result of the VA's negligence.  Plaintiff is entitled to the recovery of pain, suffering, and anguish.

34.     Defendant is also liable for the loss of value of Mr. Burris' life.

35.     Scott Burris is also entitled to collect Mr. Burris' funeral expenses from the VA.

36.     Scott Burris, individually, and as personal representative of the Estate of Jerry Bonner Burris, prays that he have and recover damages and judgment from and against the Defendant, as compensation to the heir and the beneficiary at law of Mr. Burris, for conscious pain and suffering of the deceased prior to his death, medical and funeral expenses attributable to the fatal injury, pecuniary injuries, loss of earnings, the present value of the lost of earnings capacity in the future for the deceased, the loss of future services to be rendered by Mr. Burris, and for mental anguish sustained by the surviving beneficiary of the Estate of Jerry Bonner Burris, loss of consortium, loss of companionship and services, the loss of value of Mr. Burris's life, reasonable transportation and lodging, as well as all other damages allowed by law.  Total damages are believed to exceed $1,500,000.00.

37.     Scott Burris, individually and as personal representative of the Estate of Jerry Bonner Burris, demands a trial by jury on all issues so triable.

WHEREFORE, the Plaintiff, Scott Burris, individually and as personal representative of the Estate of Jerry Bonner Burris, deceased, prays that he have and recover judgment from and against the Defendants, for compensatory damages  in an amount in excess of the minimum amount for federal court diversity jurisdiction, for an award of reasonable attorneys' fees, for all other damages allowed by law, and for all other relief to which he may be entitled.

Respectfully submitted,

Wilcox Law Firm, PLC
Tony L. Wilcox #93084
600. South Main
Jonesboro, AR 72401
870-931-3101

AND

Scholtens & Averitt, PLC
Chris A. Averitt #98123
600 S. Main Street
Jonesboro, AR 72401

By: _____

   TONY L. WILCOX, #93084

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane. Circuit/County Clerk
2017-Apr-10  16:32:59
60PR-17-673
C06D14 : 3 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
PROBATE DIVISION

IN THE MATTER OF THE ESTATE OF
JERRY BONNER BURRIS, DECEASED

NO. 60PR-17-673

### ORDER APPOINTING SPECIAL
### ADMINISTRATOR FOR AUTHORITY TO CONTRACT WITH
### COUNSEL AND TO BRING A CLAIM ON BEHALF OF THE ESTATE

On this day, the Court considered the Petition for Appointment of Special Administrator, for

Authority to Contract with Counsel and to Bring a Claim on Behalf of the Estate.   Upon

consideration of the Petition, and the facts and evidence in support thereof, the Court finds that the

Petition should be and is hereby granted as follows:

1.      This Court has jurisdiction and venue properly lies in this County.

2.      The decedent, Jerry Bonner Burrs, who resided at 4909 Gum Street, North Little

Rock, Arkansas 72118, died intestate on December 3, 2015.  He was pronounced dead at Central

Arkansas Veterans Healthcare System in Little Rock, Arkansas.

3.      For good cause shown, pursuant to the provisions of Ark. Code Ann. § 28-48-103,

a Special Administrator should be appointed for the purpose of investigating the circumstances of

the decedent's death and pursuing any wrongful death action(s), survival action(s), and any other

claim, suit, or cause of action of whatsoever kind, nature, or designation.

4.      Petitioner, Scott Allen Burris, whose address is 603 S. Main, Beebe, Arkansas 72012,

is the son of the decedent. Petitioner is the only surviving heir at law of the decedent.  The decedent

had no other living children.  The decedent had no living spouse or parents.

5.      Scott Allen Burris is nominated, and is the proper person and fully qualified by law

to serve as Special Administrator of the estate for the purpose of litigating and prosecuting any

wrongful death action(s), survival action(s), and any other claim, suit, or cause of action of



**EXHIBIT**

1

whatsoever kind, nature, or designation. Petitioner is qualified because of his relationship to the decedent and ability.

6.      No demand for notice of proceedings for the appointment of a personal representative of the estate has been filed herein, the petition is not opposed by any known person, and the same may be heard and decided forthwith.

7.      The value of the wrongful death, survival and other claims is undetermined. The proceeds from wrongful death litigation is not subject to the claims of creditors of the decedent, per Ark. Code Ann. § 16-62-102(e) and the requirement for a fiduciary bond should be excused.

8.      Scott Allen Burris, is hereby authorized to employ the firms of Scholtens & Averitt, PLC and Wilcox Law Firm, PLC, pursuant to the employment contract attached as Exhibit 1 to the Petition and is authorized to act as Special Administrator for and on behalf of the estate, to investigate the circumstances of decedent's death and to pursue any wrongful death action(s), survival action(s) and any other claim, suit, or cause of action of whatsoever kind, nature or description.

9.      The Court hereby approves in all respects the employment contract attached as Exhibit 1 to the Petition and approves the hiring of the aforementioned law firms pursuant to the terms of Exhibit 1.

It is therefore CONSIDERED, ORDERED, AND DECREED that Scott Allen Burris be and hereby is appointed Special Administrator without bond for the purpose of investigating the circumstances of decedent's death and pursuing any wrongful death action(s), survival action(s) and any other claim, suit, or cause of action of whatsoever kind, nature, or designation; that the Special Administrator shall have all powers and duties reasonable related to said purposes, or otherwise

2

granted to administrators; and that Letters of Administration shall be issued to said Administrator by the Clerk of this Court for said purpose.  The Court further orders that Scott Allen Burris is authorized to employ the firms of Scholtens & Averitt, PLC and Wilcox Law Firm, PLC, and the Court approves the employment contract attached as Exhibit 1 to the Petition.

DATED this 10th day of April, 2017.

_____
Circuit Court Judge

Chris A. Averitt (#98123)
Scholtens & Averitt, PLC
600 Main Street
Jonesboro, AR 72401
(870) 972-6900

By: _____
    Chris A. Averitt, 98123

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**SCOTT ALLEN BURRIS, as Personal Administrator of the
ESTATE OF JERRY BONNER BURRIS**                                    **PLAINTIFF**

**VS.**                                    **CASE NO. _____**

**THE UNITED STATES OF AMERICA; JOHN DOE
DEFENDANTS 1-5;**                                    **DEFENDANT**

### AFFIDAVIT

I, Tony L. Wilcox, attorney for Scott Allen Burris, Individually and as Personal

Administrator of the Estate of Jerry Bonner Burris, Plaintiff, do solemnly swear and affirm that

the identity of the additional tortfeasors stated as John Does 1-5 are unknown. I have attempted

a diligent inquiry to ascertain the identity of any such tortfeasors, but have been unable to

determine the identity of said tortfeasors. Upon determination of the identity of the additional

tortfeasors, I will amend the Complaint and substitute the real names for the pseudo-names.

_____
Tony L. Wilcox

STATE OF ARKANSAS          )
                          ) ss.
COUNTY OF CRAIGHEAD        )

SUBSCRIBED AND SWORN TO before me this 9th day of November, 2017.

_____
NOTARY PUBLIC

My Commission Expires:

11-08-26

OFFICIAL SEAL - #12699358
**STEPHANI WINEMILLER**
NOTARY PUBLIC-ARKANSAS
CRAIGHEAD COUNTY
MY COMMISSION EXPIRES: 11-08-26



EXHIBIT
2

| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Department of Veterans Affairs<br>Office of Regional Counsel<br>2200 Fort Roots Drive, Bldg 5<br>North Little Rock, AR 72114 | Scott Allen Burris, as Special Administrator of the Estate of Jerry Bonner Burris, Deceased |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|---|
| [X] MILITARY  [ ] CIVILIAN | 03/27/1944 | Divorced | 11/12/2015 | 12/3/2015 | various |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

See attached.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See Attached

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| See attached | See attached |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| 0.00 | 500,000.00 | 1,000,000 | 1,500,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | 501-259-2191 | |

| **CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM** | **CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS** |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY...
28 CFR 14...

**EXHIBIT 3**

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes  ☒ No   |   17. If deductible, state amount.

N/A

0.00

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

#### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested information within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) BACK

## 8 & 10.  BASIS OF CLAIM AND PERSONAL INJURY/WRONGFUL DEATH

Mr. Burris was a 71 year old veteran treated at the Veteran's Administration Hospital in Little Rock, Arkansas. The chief complaint related to his 2015 admission was carcinoma in the right lower lobe. On November 12, 2015, Mr. Burris underwent a RLL Lobectomy. The tumor was located and removed. During the same surgery, a thoracic lymphadenectomy was also performed. Medical records indicate that Mr. Burris tolerated the procedures well, and he was given a good prognosis for a full recovery.

Following surgery on the 12th, Mr. Burris was successfully weaned from the ventilator, breathing on his own, and recovering well. Mr. Burris and his family received training regarding home health care and were told to prepare for discharge. His throat and neck, however, remained very swollen and he had impaired and very limited ability to swallow. Upon transfer from post anesthesia recovery, Mr. Burris was noted to have "swallowing problems in the mouth or throat." Nevertheless, the dysphagia risk assessment after discharge from PACU to the floor was not performed. The dysphagia risk assessment protocol in place at the VA on this date specifically included assessments of "difficulty or pain in the mouth or throat when swallowing" and "recent throat surgery." Even though both of these factors were clearly present, the dysphagia risk assessment was left blank, and there was no further assessment, orders, policies or safeguards implemented with respect to Mr. Burris' risk of choking.

Choking following a lymphadenectomy is a known complication which, more likely than not, relates to injuries sustained during the procedure resulting from improper technique or trauma outside of the accepted surgical field. Accordingly, proper assessment and follow-up diagnostic studies, scopes and/or interventions are required for patients who experience swallowing difficulties following this surgery. The well known and most likely result of failure to do so is aspiration, most often leading to severe injury or death. Despite this fact, the appropriate assessments, orders, protocols, studies and procedures to assess, diagnose and/or treat dysphagia and choking safeguards were not implemented or followed.

On November 14, 2015, less then 48 hours post surgery, the hospital served Mr. Burris solid food (hamburger). While eating the food provided by the hospital, Mr. Burris choked and aspirated. As a direct result of the aspiration, Mr. Burris' condition quickly and steadily worsened. His fever spiked, he became hypoxic, he had to be re-intubated, and he developed ARDS, acute respiratory failure and pneumothorax. He eventually lost a pulse on November 23, 2015 and had to be resuscitated. Despite numerous additional medical interventions, Mr. Burris died December 3, 2015 as a direct result of the choking/aspiration episode.

The doctors, nurses, and hospital administration and staff breached their respective duties of care by failing to possess and apply with reasonable care the degree of skill and learning

ordinarily possessed and used by members of their profession engaged in the same type of service or specialty at the VA in Little Rock, Arkansas or a similar locality by: (1) failing to properly assess and diagnose Mr. Burris' medical condition; (2) failing to identify the dysphagia/choking hazard which was present after the surgery on the 12th; (3) failing to issue appropriate orders, implement those orders and follow standing orders and hospital protocols and procedure regarding nutrition, risk assessment and the elimination of choking hazards from dietary plans for patients such as Mr. Burris who were at risk; (4) failing to properly assess, monitor, diagnose and treat Mr. Burris for his known conditions and foreseeable complications; and (5) allowing a failure and breach in the continuity of care with respect to Mr. Burris in communication between the physicians, nurses, medical staff and non-medical personnel, including dietary personnel. The hospital/VA is vicariously liable for the actions and failures of its agents and employees.

With respect to the hospital/VA, it is independently liable for the failure to use ordinary care to determine the condition of Mr. Burris and furnish the care and attention reasonably required by his condition. These breaches resulted in the failure to assess, diagnose, treat and implement a proper plan of care even though Mr. Burris was at a known risk of choking/aspiration following his surgery.

The above described breaches of the standard of care were the proximate cause of Mr. Burris' injuries and death.

Scott Allen Burris, son of Jerry Burris, has been appointed as the Special Administrator of the Estate of Jerry Bonner Burris, deceased in the case styled *In the Matter of the Estate of Jerry Bonner Burris, Deceased, Pulaski County, Probate Division,* Case No. 60 PR-17-673 (See attached).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

X _____  ☐ Agent
                           ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

1. Article Addressed to:

Dept. of Veterans Affairs
Office of Regional Counsel
Attn: Gayle Sipes
2200 Fort Roots Dr. Bldg. 5
North Little Rock, AR 72114

3. Service Type
   ☒ Certified Mail®      ☐ Priority Mail Express™
   ☐ Registered           ☐ Return Receipt for Merchandise
   ☐ Insured Mail         ☐ Collect on Delivery

2. Article Number
   (Transfer from service label)   7011 3500 0000 0860 7813

PS Form 3811, July 2013          Domestic Return Receipt

## Chris Averitt

**From:** Sipes, Gayle [gayle.sipes@va.gov]
**Sent:** Thursday, April 27, 2017 9:11 AM
**To:** Chris Averitt
**Subject:** tort claim

The claim was received at the Office of Chief Counsel, Continental District East (North Little Rock) and is being processed. You should receive an acknowledgement letter within a week. The tort claims are worked in the order received and I have the 180th day as October 23, 2017.

Gayle B. Sipes
Staff Attorney
U.S. Department of Veterans Affairs
Office of Chief Counsel
Continental District, East
2200 Fort Roots Drive, Building #5
North Little Rock, Arkansas 72114

Ph: (501) 257-4129 office
Fax: (501) 257-4130 fax
Email: gayle.sipes@va.gov

**From:** Chris Averitt [mailto:chris@scholtensaveritt.com]
**Sent:** Thursday, April 27, 2017 9:00 AM
**To:** Sipes, Gayle
**Cc:** 'Tony Wilcox'
**Subject:** [EXTERNAL] Jerry Bonner Burris, Deceased.

Good morning. We are showing that the attached claim was delivered to you on Monday, April 24. If your office needs anything else from us to resolve this claim in a timely manner, please let us know. Thanks so much, and we look forward to working with you.

Chris A. Averitt
Scholtens & Averitt, PLC
600 S. Main
Jonesboro, AR  72401
(870) 972-6900
(870) 972-6903 fax
www.scholtensaveritt.com

## *AV rated by Martindale Hubbell*

This electronic mail transmission and any attachment is the property of Scholtens & Averitt, PLC and is not intended for transmission to or receipt by any unauthorized individual or entity. It may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of the message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please delete it from your system without copying it, and notify the sender by reply e-mail or by calling (870) 972-6900.



EXHIBIT
4



DEPARTMENT OF VETERANS AFFAIRS
**Office of Chief Counsel**

In Reply Refer to: 339779

April 27, 2017

Chris A. Averitt, Esq.
Scholtens & Averitt
600 South Main
Jonesboro, Arkansas 72401

> RE:  Administrative Tort Claim
> Veteran: Jerry Bonner Burris
> Claimant: Scott Allen Burris, Special Administrator, Estate
> Of Jerry Bonner Burris

Dear Mr. Averitt:

The U.S. Department of Veterans Affairs (VA), Office of Chief Counsel, received your client's Standard Form (SF) 95, *Claim for Damage, Injury, or Death*, on April 24, 2017. Your client alleges the wrongful death and personal injury of Jerry Bonner Burris and seeks a total of $1,500,000 in damages.

As you are aware, under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680, VA has six months to consider a claim before you have the option to file suit on behalf of your client in U.S. District Court. 28 U.S.C. § 2675. We will make every effort to meet that goal while thoroughly investigating the claim.

Under 28 C.F.R. §14.4 (copy attached), which implements the FTCA, we are requesting that you provide the following information to the investigator assigned as soon as possible unless previously provided:

> 1.  Documentation of your authority to act as claimant's legal representative.
>
> 2.  An authenticated death certificate or other competent evidence showing cause of death, date of death, and age of Jerry Bonner Burris.
>
> 3.  A copy of the autopsy report, if performed.
>
> 4.  A copy of the Letters of Administration or other authorization-substantiating claimant's legal authority to act as personal representative of Jerry Bonner Burris' estate.
>
> 5.  Full names, addresses, birth dates, kinship, and marital status of Jerry Bonner Burris' survivors, including identification of those survivors who



EXHIBIT
5

were dependent for support upon Jerry Bonner Burris at the time of death. Please include a copy of Jerry Bonner Burris' marriage license, and if applicable, any relevant divorce decree.

6.  Degree of support Jerry Bonner Burris provided to each survivor dependent upon Jerry Bonner Burris for support at the time of death.

7.  Jerry Bonner Burris' employment or occupation at time of death, including monthly or yearly salary or earnings (if any), and the duration of last employment or occupation.

8.  All sources of income for Jerry Bonner Burris at the time of death, including Social Security, retirement pension, and VA benefits.

9.  Copies of Jerry Bonner Burris' income tax returns for the three years prior to the date of death.

10. Jerry Bonner Burris' general physical and mental condition before death.

11.  Copies of all related non-VA medical records and itemized bills for medical expenses incurred because of the incident causing death.

12.  Itemized bills for burial expenses or itemized receipts of payment for such expenses.

13.  If the claim includes damages for pain and suffering prior to death, a physician's detailed statement specifying the injuries suffered, duration of pain and suffering, any drugs administered for pain, and Jerry Bonner Burris' physical condition in the interval between injury and death.

14.  Any other evidence or information that may have a bearing on the responsibility of the United States for the death or the damages claimed.

The investigator assigned to the claim is:

Mrs. Gayle Sipes
2200 Fort Roots Drive, Bldg. 5
North Little Rock, AR 72114
501-257-4129

Under 28 U.S.C. § 2678, attorney fees are limited to 20 percent of any award, compromise, or settlement of an administrative claim and to 25 percent of the recovery following the filing of a lawsuit.

A combination of Federal and state laws govern FTCA claims; some state laws may limit or bar a claim or lawsuit.  VA legal staff handling FTCA claims work for

the Federal government, and cannot provide legal advice on state or Federal law or on filing requirements.

If you have any questions or concerns, you may communicate directly with the investigator, who will be happy to assist.  Thank you for your cooperation.  We look forward to working with you to resolve your client's claim.
Sincerely,

LaRhonda G. Francis
Legal Assistant

Enclosure

339779

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Department of Veterans Affairs<br>Office of Regional Counsel<br>2200 Fort Roots Drive, Bldg 5<br>North Little Rock, AR 72114 | Scott Allen Burris, as Special Administrator of the Estate of Jerry Bonner Burris, Deceased |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|---|
| [X] MILITARY  [ ] CIVILIAN | 03/27/1944 | Divorced | 11/12/2015 | 12/3/2015 | Various |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

See attached.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See Attached

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| See attached | See attached |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| 0.00 | 500,000.00 | 1,000,000.00 | 1,500,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | 501-259-2191 | 4/21/17 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident insurance?** ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?** ☐ Yes ☒ No

**17. If deductible, state amount**

N/A

0.00

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?** (It is necessary that you ascertain these facts).

N/A

**19. Do you carry public liability and property damage insurance?** ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

28 C.F.R. § 14.4 Administrative claims; evidence and information to be submitted.

(a) *Death.* In support of a claim based on death, the claimant may be required to submit the following evidence or information:
(1) An authenticated death certificate or other competent evidence showing cause of death, date of death, and age of the decedent.
(2) Decedent's employment or occupation at time of death, including his monthly or yearly salary or earnings (if any), and the duration of his last employment or occupation.
(3) Full names, addresses, birth dates, kinship, and marital status of the decedent's survivors, including identification of those survivors who were dependent for support upon the decedent at the time of his death.
(4) Degree of support afforded by the decedent to each survivor dependent upon him for support at the time of his death.
(5) Decedent's general physical and mental condition before death.
(6) Itemized bills for medical and burial expenses incurred by reason of the incident causing death, or itemized receipts of payment for such expenses.
(7) If damages for pain and suffering prior to death are claimed, a physician's detailed statement specifying the injuries suffered, duration of pain and suffering, any drugs administered for pain, and the decedent's physical condition in the interval between injury and death.
(8) Any other evidence or information which may have a bearing on either the responsibility of the United States for the death or the damages claimed.

(b) *Personal injury.* In support of a claim for personal injury, including pain and suffering, the claimant may be required to submit the following evidence or information:
(1) A written report by his attending physician or dentist setting forth the nature and extent of the injury, nature and extent of treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity. In addition, the claimant may be required to submit to a physical or mental examination by a physician employed by the agency or another Federal agency. A copy of the report of the examining physician shall be made available to the claimant upon the claimant's written request provided that he has, upon request, furnished the report referred to in the first sentence of this paragraph and has made or agrees to make available to the agency any other physician's reports previously or thereafter made of the physical or mental condition which is the subject matter of his claim.
(2) Itemized bills for medical, dental, and hospital expenses incurred, or itemized receipts of payment for such expenses.
(3) If the prognosis reveals the necessity for future treatment, a statement of expected expenses for such treatment.
(4) If a claim is made for loss of time from employment, a written statement from his employer showing actual time lost from employment, whether he is a full or part-time employee, and wages or salary actually lost.
(5) If a claim is made for loss of income and the claimant is self-employed, documentary evidence showing the amounts of earnings actually lost.
(6) Any other evidence or information which may have a bearing on either the responsibility of the United States for the personal injury or the damages claimed.

(c) *Property damage.* In support of a claim for injury to or loss of property, real or personal, the claimant may be required to submit the following evidence or information:
(1) Proof of ownership.
(2) A detailed statement of the amount claimed with respect to each item of property.
(3) An itemized receipt of payment for necessary repairs or itemized written estimates of the cost of such repairs.
(4) A statement listing date of purchase, purchase price and salvage value, where repair is not economical.
(5) Any other evidence or information which may have a bearing on either the responsibility of the United States for the injury to or loss of property or the damages claimed.